IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN M. SIMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv949-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. John M. Simmons ("Simmons") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.  The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982*)*. This court must find the

Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Simmons, age 43 at the time of the hearing, completed seventh grade. Simmons' past

relevant work includes employment as a lumber handler, spray painter, construction worker, poultry worker, janitor, logger, and cook.[1] Simpson alleges he became disabled on August 15, 2003 from nerve problems, back and neck pain, hypertension, and stomach pain.[2] He did not engage in substantial gainful work activity at any time relevant to his application period.

The ALJ found Simmons was severely impaired by a herniated disc at L4-5 with stenosis, spondylitic changes at L4-5, high blood pressure, gastroesophageal reflux disease, diabetes mellitus, and depressive disorder, not otherwise specified.[3] The ALJ also found Simmons did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4] Although the ALJ found Simmons' medically determinable impairments could reasonably be expected to produce the alleged symptoms, he also found Simmons' statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.[5] After a complete review of the record and consideration of testimony by a medical expert, the ALJ determined Simmons had the residual functional capacity ("RFC") to perform light, unskilled work, and could perform his past work as a cook or poultry picker.[6] These findings regarding

---

[1] R. at 19, 341.

[2] R. at 64.

[3] R. at 17.

[4] R. at 18.

[5] R. at 19.

[6] R. at 352-53.

Simmons' ability to work rendered him ineligible for disability benefits under the Act.

### III.  ISSUE

Simmons raises a single issue for judicial review:

Whether the ALJ properly applied the Eleventh Circuit standard for establishing disability due to pain?

### IV.  DISCUSSION

**The ALJ Correctly Applied the Eleventh Circuit pain standard.**

Simmons argues the ALJ erred in evaluating his pain and the record evidence of medical conditions consistent with his claims.  The Commissioner responds that the ALJ properly evaluated the credibility of Simmons' subjective complaints and objective medical evidence.  The court agrees that the ALJ gave well-reasoned grounds to reject Simmons' allegations and testimony of disabling pain, and therefore, did not err in his evaluation of his pain.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Eleventh Circuit has set forth criteria for establishing a disability based on testimony of pain and other symptoms.  It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted). A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Simmons contends the issue for decision in this case is whether the "herniated disc with spinal stenosis at L4-5 with spondylitic changes" is the likely cause of his alleged severe pain?[7] He argues the medical report from Dr. Paul Matz, a neurosurgeon, documenting a disc herniation at the L4-5 interspace, with narrowing lateral recess on the right, and consistent symptoms, "closes the pain loop" and thus establishes his eligibility for disability benefits. Were the Court to adopt this argument, it would engage in reversible error, as in *Wilson*, where the district court accepted "as true [claimaint's] subjective complaints of disabling

---

[7]Pl. Br. at 6.

pain and limitations based upon a showing that a condition could reasonably cause pain and/or limitations." *Wilson, id.*

The ALJ found Simmons' statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.[8] The ALJ decision incorporated the report of a consultative examination conducted by Dr. Philip Golumb which noted Simmons "sat comfortably in the chair for about one and a half hours, virtually in the same position . . .," and that he "jumped up quickly from sitting and moved about with considerable agility," went fishing, and performed work in his garden.[9] The ALJ also related the inconsistent reports from Simmons as to his last date of work, drinking habits, and sleeping patterns.[10] The ALJ adopted Dr. Golomb's RFC assessment that Simmons could perform light work.[11] This assessment was based in part on Simmons' full range of motion in his neck, head, shoulder joints, elbow joints, wrist joints, knee joints, and ankle joints, and 5/5 strength in major muscle groups, hand grip and finger dexterity.[12] Simmons' past relevant work as a cook or poultry worker fell within this work level.[13]

Here, the ALJ provided reasons for his decision to discredit Simmons' testimony.

---

[8]R. at 19.

[9]R. at 22, 172.

[10]R. at 25.

[11]R. at 24.

[12]R. at 173,

[13]R. at 352-53.

This result is supported by the discrepancies between his reports to physicians, and the medical reports of his conditions and activities.[14] In addition to the rationale provided by the ALJ, the Commissioner highlighted Simmons' record of malingering, activities inconsistent with his claims, and noncompliance with prescribed treatment for controllable conditions. These factors contribute to the Court's finding that the decision in this case was the correct one. Although Simmons demonstrated the underlying medical conditions required under *Wilson*, inconsistent medical report provided specific reasons for discrediting his subjective testimony. *Wilson*, *id.; see also Foote*, 67 F.3d at 1562 (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed ).

The ALJ's statement of explicit reasons for his rejection of Simmons' subjective testimony of pain and disability satisfies the requirements in the Eleventh Circuit, and the ALJ cited substantial evidence for his decision on this issue. The record shows that Simmons' subjective complaints of pain did not support a finding that he was disabled, or even that he was unable to perform his past relevant work, as generally performed in the national economy. Thus, he failed to meet his burden of proof, and the court finds no reversible error on this issue.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial

---

[14] R. at 19-25.

evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

    Done this 23rd day of May, 2008.

                                                                   /s/ Terry F. Moorer
                                                                   TERRY F. MOORER
                                                                   UNITED STATES MAGISTRATE JUDGE